# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:19CV-P150-TBR

DAVID M. FREEMAN                                                          PLAINTIFF

v.

HEATHER CARRAWAY *et al.*                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff David M. Freeman filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon initial review of the action pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at the Marshall County Detention Center (MCDC). He names the following Defendants: Heather Carraway, a nurse at MCDC; Advance Correctional Healthcare (ACH), the MCDC medical provider; and Shawn Goard and Roger Ford, each of whom he identifies as a "Jailer" at MCDC. He sues Defendants in their individual and official capacities.

Plaintiff states that Defendant Carraway "has continuously denied me medical treatment here at Marshall County Jail." He maintains that Defendant Carraway is very aware of all of my medical conditions . . . ." and describes those conditions as follows: "I have P.T.S.D. which can give me heart attacks, I have three stints in my heart, I had my leg shattered before my incarceration & my knee needs to be replaced, my neck was broken before my incarceration an

back as well broken that needs replace & fix." He also states that he has "chronic liver disease-blood disease & degenaritive disease, I have hepatitis C . . . ." Plaintiff reports that he is currently sleeping on a "very small mattress on the floor." He further states as follows:

> I am currently receiving absolutely no medical treatment and am continuously denied to see a doctor for weekly or monthly checkups. I am also continuously denied the proper medication I am suppose to be on and that my body must have, to prevent any farther damages, and that can possibly help cushen- (relieve) some of the physical pain- (torture) that my body indures 24 hours a day 7 days a week in every minute and hour!!

Plaintiff states that Defendant ACH "is over the medical department here at Marshall County Jail and is who defendant Heather Carraway works for." He also asserts that Defendant Goard, Carraway, Ford, and ACH "are all responsible of all the same violations written above[.]" He alleges violations of his rights under the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. He also states, "This is also male practice and very unproffessional in their part due that I am under their care an am limited to what I can myself do, and not allowed to do. I also am in fear of their retaliation now and in the future!!"

As relief, Plaintiff requests compensatory and punitive damages, injunctive relief, and costs.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

**1. Official-capacity claims**

Plaintiff sues Defendants Carraway, Goard, and Ford in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Defendants Goard and Ford are employees of Marshall County.  It appears that Defendant Carraway is an employee of Defendant ACH.  Therefore, Plaintiff official-capacity claims against Defendants

3

Goard and Ford are construed as brought against Marshall County, and his official-capacity claim against Defendant Carraway is construed as brought against Defendant ACH.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*. The Sixth Circuit has held that the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as ACH.[1] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.") (citing *Monell*, 436 U.S. at 691).

Thus, liability of a municipality or a contracted private entity must be based on a policy or custom. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). To state a claim, a plaintiff must "identify the policy, connect the policy to the [municipality or entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body [or entity] under § 1983." *Searcy v. City of Dayton*, 38 F.3d

---

[1] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges no policy or custom on the part of Marshall County or ACH which caused his alleged injuries. The complaint alleges actions affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999). Accordingly, Plaintiff's official-capacity claims against Defendants Goard, Ford, and Carraway and his claim against Defendant ACH will be dismissed for failure to state a claim upon which relief may be granted.

**2. Individual-capacity claims**

**A. Denial of medical care**

Upon review, the Court will allow Plaintiff's § 1983 claim for deliberate indifference to his serious medical needs and state-law medical malpractice claim to continue against Defendant Carraway in her individual capacity.

However, with respect to Defendants Goard and Ford, Plaintiff alleges no personal involvement on the part of these Defendants in denying him medical care. To be held liable under § 1983, a defendant must have personal involvement in the alleged unconstitutional conduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *See Williams v. Wright*, No. 2:19-040-WOB, 2019 U.S. Dist. LEXIS 87011, at *5 (E.D. Ky. May 23, 2019) (citing *Laster v. Pramstaller*, No. 08-CV-10898, 2008 U.S. Dist. LEXIS 34080, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008)). Plaintiff having failed to state any allegations of personal involvement by Defendant Goard or Ford, the claims against these Defendants will be dismissed for failure to state a claim.

**B. Retaliation**

Plaintiff states, "I also am in fear of their retaliation now and in the future!!" Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). In order to state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X*, 175 F.3d at 394).

Plaintiff states that he fears retaliation. However, actual injury, rather than a speculative fear of injury, is required to assert a retaliation claim. *See Croney v. Fletcher*, No. 07-CV-42-KKC, 2008 U.S. Dist. LEXIS 90, at *2 (E.D. Ky. Jan. 2, 2008) (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State*, 454 U.S. 464, 471 (1982)). Accordingly, Plaintiff's retaliation claim must be dismissed for failure to state a claim upon which relief may be granted.

**C. Fourth, Fifth, Thirteenth, and Fourteenth Amendments**

Plaintiff alleges that Defendants violated his rights under the Fourth, Fifth, and Thirteenth Amendments. However, these assertions are wholly conclusory. Plaintiff fails to provide any factual basis to support claims under the Fourth, Fifth, or Thirteenth Amendments, and, even broadly construing the complaint, the Court cannot discern any basis upon which to allow these claims to proceed. Therefore, these claims will be dismissed for failure to state claim upon which relief may be granted.

Plaintiff also alleges a violation of the Fourteenth Amendment.  However, because Plaintiff was a convicted state inmate at the time of the facts alleged in the complaint, the Fourteenth Amendment does not apply.  Rather, the Eighth Amendment is the source of protection for convicted prisoners complaining of prison conditions.  *See Estelle v. Gamble*, 429 U.S. 97 (1976).

### IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims against all Defendants; the claim against ACH; the retaliation claim; and the claims under the Fourth, Fifth, Thirteenth, and Fourteenth Amendments are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate Defendants ACH, Goard, and Ford as parties to the action.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.  In allowing the claims to proceed, the Court passes no judgment on their outcome or ultimate merit.

Date:  November 19, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
4413.010